THE HISPANIA.

(Circuit Court of Appeals, Fifth Circuit. April 26, 1917.)

No. 2888.

SHIPPING ☞121(2)—CHARTERS—LIABILITY OF VESSEL FOR DAMAGE TO CARGO —UNSEAWORTHINESS.

 The temporary jamming of the steering gear of a steamship, not due to any defect or negligence of the officers or crew, causing a collision with another vessel, *held* not to constitute unseaworthiness, which under the charter party rendered the ship liable to the charterer for resulting damage to the cargo.

 [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 450, 451.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by the Planters' Steamship Company against the steamship Hispania; the Rolf Seeberg Ship Chandlery Company, claimant. Decree for claimant, and libelant appeals. Affirmed.

The opinion filed in the District Court is as follows:

 This is a libel for damages to a cargo of bananas. Libelants had chartered the steamship Hispania for one or more trips between New Orleans and

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Honduras. On January 2, 1906, while proceeding up the Mississippi river in charge of a pilot in a fog, she collided with the steamship Dalton, lying at anchor. The Hispania cleared herself and was run aground on the river bank. The cargo, consisting entirely of bananas, was transferred to barges and transported to New Orleans. The libel claims damages for a total loss of cargo, because of injury by water and delay, and for expenses in connection with reshipment.

The libel alleges as a basis of the ship's liability that she was unseaworthy, in that she had no binnacle or binnacle light; that her two compasses varied more than 5 points; that she had no telltale to indicate the position of her helm; that her steering gear was defective; and that her ground tackle was insufficient and defective. The answer denies any unseaworthiness as alleged, and pleads staleness.

Considering the friendly relations of the parties after the accident, the death of a material witness, and the great delay in taking testimony and bringing the case to trial, the plea of staleness is not without merit, but I do not consider it necessary to pass on it in the view I take of the merits.

It is conclusively shown by the evidence of the captain, first officer, and the pilot of the Hispania that the accident was caused solely by the temporary jamming of the steering gear. This was unavoidable, was speedily corrected, and was not caused by any defect, nor by any negligence of the officers or crew of the vessel. This did not constitute unseaworthiness, and under the terms of the charter the ship is not liable for the resulting damage.

The other allegations of unseaworthiness are not proved; but, had they existed, they would have had no bearing on the accident. The ship had two compasses—one correct and in good order and properly lighted; the other not adjusted, not in use and not lighted. Just prior to the accident the pilot was in the rigging, where he could not see either compass, and his orders were being properly executed by the officers of the ship. Whether there was a telltale or not made no difference, as there was no doubt as to the position of the helm. When the anchor was let go, it was too late to bring the ship up in time to avoid the collision.

The libel will be dismissed.

John D. Grace, of New Orleans, La., for appellant.

William Grant and William B. Grant, both of New Orleans, La., for appellee.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. We have well considered the evidence in this case, in the light of the briefs and additional briefs and supplemental briefs, and we find that the trial judge properly rendered a decree for the defendant.

For the reasons given by him, the decree appealed from is affirmed.